IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | No. 3:21-CR-9-KAC-DCP |
| ALAN MALOTT, and ) | |
| CHRISTOPHER THURMAN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Alan Malott's Second Motion to Continue Trial [Doc. 25], filed on September 7, 2021. The Defendant asks the Court to continue the October 5, 2021 trial date, because counsel needs additional time to investigate the facts and circumstances underlying the case, to engage in plea negotiations, and to advise the Defendant on the best resolution of the case. The motion relates that Defendant understands all time is excludable under the Speedy Trial Act and that the Government and counsel for Codefendant Christopher Thurman do not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of November 9, 2021.

The Court finds Defendant Malott's motion to continue the trial and pretrial deadlines is unopposed by the Government and Defendant Thurman and is well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the

motion, defense counsel needs additional time to complete his investigation of the facts and circumstances of the case. Counsel for Defendant Malott also needs additional time to engage in plea negotiations and to confer with his client on the best resolution of the case. If negotiations are not fruitful, defense counsel will need time to prepare the case for trial. These trial preparations cannot be concluded by the October 5 trial date or in less than two months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Malott's Second Motion to Continue Trial [**Doc. 25**] is **GRANTED**. The trial of this case is reset to **November 9, 2021**. The Court finds that all the time between the filing of the motion on September 7, 2021, and the new trial date of November 9, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Malott's Second Motion to Continue Trial [**Doc. 25**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **November 9, 2021**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **September 7, 2021**, and the new trial date of **November 9, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 8, 2021**;

(5) The deadline for filing motions *in limine* is **October 25, 2021**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **October 25, 2021, at 11:30 a.m.**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **October 29, 2021**.

      **IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge